**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:00-CR-157-14 (RCL)** |
| | ) | |
| **CALVIN SMITH,** | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S MEMORANDUM IN AID OF RESENTENCING**

The United States of America, by its undersigned counsel, hereby files its Memorandum in Aid of Resentencing in this matter.  For the reasons set forth below, and as may be further explained at the sentencing hearing, the Government requests that for the remaining convictions the Court simply reimpose the same sentences it originally imposed in this case: a Guidelines-compliant sentence of life imprisonment. The Government believes that a life sentence is the only appropriate sentence in this case.

I.      **FACTUAL BACKGROUND**

A.      **The Trial and Appeal**

As the Court knows well, after a jury trial that lasted over ten months, defendant Calvin Smith was convicted for his role in conducting a large-scale drug distribution business and related murders in Washington, D.C. during the late 1980's and 1990's. According to the indictment in the district court and the evidence of the United States at trial, Rodney Moore, Kevin Gray, John Raynor, Calvin Smith, Timothy Handy, and Lionel Nunn, along with others, conspired to conduct and did conduct an ongoing drug distribution business in Washington, D.C. *United States v. Moore*, 651 F.3d 30, 39 (D.C. Cir. 2011). In the course of conducting that business, various of the co-conspirators committed a wide-ranging course of violence including 31 murders. *Id.* Specifically, the members of the conspiracy distributed cocaine base, powder cocaine, heroin, and

1

marijuana in many neighborhoods throughout D.C. In addition, members of the conspiracy committed numerous acts of violence, including numerous homicides and several attempted murders. The violence was not always connected to the drug distribution activity, particularly in the latter years of the conspiracy, when members of the conspiracy committed several murders-for-hire. On July 12, 1993, after someone shot at defendant and another man, defendant solicited Kevin Gray to kill him and Gray drove up to a group of young men and fired numerous rounds at the group, killing Henry Lloyd Jr. and injuring three others. Gray then got back in the car and said he may have shot the wrong guy.

On December 23, 1993, defendant and Gray both armed with semiautomatic weapons, fired at a crowd which included Maurice Willis, who was shot but not killed. On January 3, 1994, defendant with two other men went to Eric Moore's apartment to rob him of clothes and money. They entered Moore's apartment building and Smith shot Moore in the head while Moore was in a closet. Defendant and his co-conspirators then returned to the car with bags of clothing, which the three men divided among themselves.

On December 15, 2006, the Court sentenced defendant to an aggregate term of life in prison. Specifically, the Court sentenced defendant to concurrent terms of life imprisonment on three counts, namely the narcotics conspiracy (Count 1), the RICO conspiracy (Count 3), and the continuing criminal enterprise (murder of Anthony Dent) (Count 5). In addition, the Court sentenced defendant to 25 years to life on each of the D.C. Code murder charges, relating to the murders of Anthony Dent, Henry Lloyd, Jr., and Eric Moore (Counts 4, 15, 19, 20). The Court ordered all sentences to run concurrently to each other (ECF 2183, Judgment & Commitment Order).

Defendant appealed and the Court of Appeals remanded only Counts 4 and 5—defendant's

convictions related to the murder of Anthony Dent. *United States v. Rodney Moore*, 651 F.3d 30 (2011). Following an evidentiary hearing, on June 26, 2023, this Court vacated Counts 4 and 5, finding that defendant had received ineffective assistance of counsel as to those counts of conviction. The Court now needs to re-sentence defendant for his remaining convictions, namely the narcotics conspiracy (Count 1), the RICO conspiracy (Count 3), and the murder charges relating to the murders of Henry Lloyd, Jr. and Eric Moore, which were D.C. Code offenses (Counts 15 and 19). For count 1, the minimum term of imprisonment is 10 years and the maximum term is life. For count 3, the maximum term of imprisonment is life. Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range for counts 1 and 3 is life. Because counts 15 and 19 were violations of the District of Columbia Criminal Code, they are not subject to application of the U.S. Sentencing Guidelines. For counts 15 and 19, the minimum term of imprisonment is five years and the maximum term is life, per count.

## II.   SENTENCING RECOMMENDATION

Although defendant's convictions on counts 4 and 5 have been vacated, the Guidelines range remains life imprisonment on each of Counts 1 and 3.[1] The advisory Guidelines range thus remains life imprisonment and that is the only appropriate sentence.

In sentencing a defendant, after calculating the appropriate advisory Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553. *See Gall v. United States*, 552 U.S.

---

[1] The court can also still consider the murder of Anthony Dent because even though defendant's convictions for counts 4 and 5 were vacated for ineffective assistance of counsel, there is still reliable evidence that he committed that murder. *United States v. Bell*, 795 F.3d 88, 103 (D.C. Cir. 2015) (stating that "long-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proven by a preponderance of the evidence and the sentence does not exceed the statutory minimum for the crime of conviction" (citing *United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008))). *See United States v. Watts*, 519 U.S. 148, 156-57 (1997); *United States v. Brown*, 516 F.3d 1047, 1050-51 (D.C. Cir. 2008); *United States v. Dorcely*, 454 F.3d 366, 371-72 (D.C. Cir. 2006); *see also United States v. Boney*, 977 F.2d 624, 635-36 (D.C. Cir. 1992).

38 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. *See Spanziano v. Florida*, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); *see also Williams v. New York*, 337 U.S. 241, 251 (1949). Further, under the Guidelines and § 3553, similarly situated defendants should receive like punishments. *See* 18 U.S.C. § 3553(a)(6).

### Guidelines

The Government believes that the December 19, 2023, Pre-Sentence Report (PSR) accurately states the advisory Guideline range.

### Drug Quantity

With regard to Count One, the jury found defendant responsible for at least 500 grams but less than five kilograms of mixtures and substances containing a detectable amount of cocaine, 5 grams or more but less than 50 grams of mixtures and substances containing cocaine base, and less than 100 grams of mixtures or substances containing heroin, resulting in a statutory penalty range of ten years to life. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Accordingly, defendant's adjusted offense level is 43, yielding a Guidelines sentence of life in prison. Based on defendant's involvement in a ruthless conspiracy, responsible for narcotics trafficking and senseless violence, and his murder of Mr. Lloyd and Mr. Moore, the Court's findings should remain the same.

### Sentencing Factors

A life sentence is still the only appropriate sentence after considering the 3553(a) factors.

### 1.  Nature and Circumstances of the Offense and History of the Defendant

Defendant served a key role in a long-running, successful drug distribution operation in all

four quadrants of Washington DC that was enforced with ruthless, extreme violence. The members of the conspiracy distributed cocaine base, powder cocaine, heroin, and marijuana in many neighborhoods throughout D.C. In addition, members of the conspiracy committed numerous acts of violence, including numerous homicides and several attempted murders, including murder-for-hire unrelated to their drug distribution activity. Defendant solicited another member of the conspiracy to kill someone he thought had shot at him, but Mr. Lloyd was killed instead and three others were injured. To get some money and clothes, defendant shot Mr. Moore in the head while he was in a closet. In addition to the heinous acts committed in furtherance of the charged conspiracies, defendant is also responsible for shooting Maurice Willis and killing Henry Lloyd Jr. and Eric Moore as part of this enterprise. A life sentence for his actions is clearly warranted.

### 2. <u>Need for the Sentence to Promote Respect for the Law and Provide Just Punishment</u>

As the Court knows, defendant was a key member of this drug distribution enterprise, without doubt one of the most notorious criminal enterprises in the history of our city. Because of defendant's role in this violent, drug enterprise, and the murders and attempted murders he directly committed, the Court should again impose a life sentence. *See United States v. McDonald*, 238 F. Supp. 2d 182, 186 (emphasizing "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" (quoting S. Rep. No. 98-225)); *see also United States v. Caternor*, No. 17-CR-153-2 JEB/GMH, 2017 LEXIS 146076, at *16 (D.D.C. Sept. 11, 2017) (recognizing that narcotics trafficking is harmful to both drug users and the surrounding community, which is forced to bear the financial cost of drug treatment programs and experiences the violence that often accompanies drug use).

### 3. <u>Need for Deterrence and to Protect the Public</u>

The defendant is now 49 years old. Given his relatively young age and the severity of his

5

crimes, the Government believes a life sentence is necessary for deterrence purposes (specific and general). The criminal acts of defendant dramatically affected the lives of the people of this city who lived and worked in the areas where drugs were sold and people were killed. Additionally, the defendants were businessmen, methodically planning their enterprise. The organization and deliberation reflected in these crimes suggest similar crimes can be deterred by this Court's sentence. A sentence of less than life given his violent crimes and role in the large-scale drug enterprise would simply not be enough for deterrence purposes. *See United States v. Lorenzana-Cordon*, No. 03-331-13 CKK, 2015 LEXIS 111524, at *12 (D.D.C. Aug. 24, 2015) (courts have "long recognized that narcotics trafficking and distribution pose a serious danger to the community.").

### 4.  <u>Rehabilitation and the Need to Avoid Unwarranted Sentencing Disparities</u>

Given his age at the time of the offenses in this case, his prior criminal record, and the violent offenses the defendant committed for this drug distribution organization, the Government has grave doubts about his ability to be rehabilitated. Any sympathy one might have for defendant having served 23 years in prison must be balanced against the attempted murder of Maurice Willis, the murders of Henry Lloyd Jr. and Eric Moore, and defendant's other criminal conduct in this case. Additionally, the majority of the surviving co-defendants in this case are still serving their life sentences.

WHEREFORE, for the foregoing reasons, the Government asks that the Court sentence defendant in accordance with the original sentence.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney for the
District of Columbia

PETER S. SMITH
Chief, Special Proceedings Division
D.C. Bar Number 465131

___/s/ Amanda Williams_____
AMANDA WILLIAMS
Assistant United States Attorney
Special Proceedings Division
DC Bar No. 1686445
601 D Street, N.W.
Washington, D.C. 20530
(202) 809-2057
Amanda.Williams3@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 5th day of July 2024 I caused a copy of the foregoing to be served via ECF.

___/s/ Amanda Williams_____
AMANDA WILLIAMS
Assistant United States Attorney